UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY HAYNES, | : | CIVIL NO: 3:13-CV-00188 |
| Petitioner | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CRAIG LOWE, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Because the petitioner, Wesley Haynes, has been granted cancellation of removal and has been released from immigration custody, this habeas corpus case in which Haynes challenges his immigration detention is moot. Thus, we recommend that the petition be dismissed and that the case file be closed.

## II. Factual Background and Procedural History.

On January 25, 2013, Haynes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Haynes was in the custody of the United States Immigration and Customs Enforcement. He challenged his detention during the adjudication of his removal proceedings, and he sought his immediate release from custody. After the respondent filed a

response to the petition, we appointed counsel to represent Haynes and ordered counsel to file, on or before April 11, 2013, a supplemental reply addressing the issues raised in the respondent's response.

On March 28, 2013, the respondent filed a Notice of Suggestion of Mootness stating that Haynes was released from immigration custody when an Immigration Judge granted cancellation of his removal. The respondent requests that the case be dismissed as moot. We ordered counsel for Haynes to file a response to the respondent's Notice of Suggestion of Mootness stating whether he agrees that the case is moot given Haynes's release from custody. On April 3, 2013, counsel for Haynes file a response to the Notice of Suggestion of Mootness in which he asserts that he has confirmed that Haynes has indeed been released from custody. While counsel states that he has been unable to contact Hayes and is, therefore, unable to consent to dismissal on Haynes's behalf, he does agree that because Haynes was granted relief in the immigration court and released from custody, "there appears to exist no active case or controversy and the matter is moot." *Doc. 13* at 3.

## III. Discussion.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)(quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013)(quoting *Lewis, supra,* 494 U.S. at 477). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013)(quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)).

This case is moot. In his habeas petition, Haynes sought release from custody. He has achieved that result: an Immigration Judge granted Haynes

3

cancellation of his removal, and Haynes has been released from custody. Since Haynes has already been released from custody, this court can no longer provide him any relief in this habeas case, and his petition challenging his detention is now moot. *See Nunes v. Decker,* 480 F.App'x 173, 175 (3d Cir. 2012)(holding that petitioner's release from immigration detention rendered habeas petition moot).

## IV. **Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** the petition for a writ of habeas corpus be dismissed as moot and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

4

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of April, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge